UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

PRISCILLA FELTON,

       Plaintiff,

v.                                   CIVIL ACTION NO. 5:23-cv-00547

CSX TRANSPORTATION, INC.,
*a Virginia Corporation*,

       Defendant.

### MEMORANDUM OPINION AND ORDER

Pending is Plaintiff Priscilla Felton's Motion to Remand [Docs. 6, 7], filed September 13, 2023. Defendant CSX Transportation, Inc. ("CSXT") filed its Opposition to Plaintiff's Motion to Remand [Doc. 11] on September 27, 2023, to which Ms. Felton replied [Doc.12] on October 4, 2023. The matter is ready for adjudication.

### I.

On February 1, 2023, Ms. Felton instituted this action against CSXT, a Virginia corporation, and Ronnie Pettrey, a West Virginia citizen, in the Circuit Court of Greenbrier County. [Doc. 1-1 at 20]. On June 6, 2023, the state court issued a Notice of Failure to Make Service Within 120 Days, stating it would dismiss the case unless Ms. Felton demonstrated good cause for the failure to perfect service. [*Id.* at 19]. On June 27, 2023, the circuit court extended the time for service but warned Ms. Felton her failure to provide sufficient proof of service within 45 days would result in dismissal. [*Id.* at 26]. On July 17, 2023, Ms. Felton served CSXT. [Doc. 11 at 2]. On August 11, 2023, the circuit court dismissed Ronnie Pettrey without prejudice inasmuch as Ms. Felton failed to provide proof of service upon him or otherwise move. [Doc. 1-1 at 43].

On August 14, 2023, CSXT removed. [Doc. 1]. On September 13, 2023, Ms. Felton filed the Motion to Remand [Doc. 6].

## II.

Title 28 U.S.C. § 1446 specifies the procedure for removing civil actions. The pertinent provisions are recited below:

> **(a) Generally**.--A defendant . . . desiring to remove . . . from a State court shall file . . . a notice of removal . . . containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.
>
> **(b) Requirements; generally.**--(1) The notice of removal . . . shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> . . . .
>
> (3) Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(a)–(c); *see Caterpillar Inc. v. Lewis*, 519 U.S. 61, 69 (1996); *Northrop Grumman Tech. Servs., Inc. v. DynCorp Int'l LLC*, 865 F.3d 181, 186 (4th Cir. 2017).

The statute suggests one may remove upon the receipt of a paper giving rise to removal jurisdiction. There is, however, a jurisprudential caveat, namely, the voluntary-involuntary rule. The rule requires a suit remain in state court unless the case has become removable due to the plaintiff's voluntary action. The rule traces its origin to *Powers v. Chesapeake O. Ry.*, 169 U.S. 92 (1898). In *Powers*, the Supreme Court observed the case was removable after plaintiff discontinued its action against the non-diverse defendants. *Id.* at 101. Just

two years later, in *Whitcomb v. Smithson*, 175 U.S. 635 (1900), the Supreme Court explicitly held a case is removable based on diversity grounds only if the trigger is a voluntary act of the plaintiff. *Id.* at 638; *see also Kansas City Suburban Belt Ry. Co. v. Herman*, 187 U.S. 63, 65–71 (1902) (holding that remand was proper where non-diverse defendant was disposed of by demurrer at the close of plaintiff's evidence); *Lathrop, Shea & Henwood Co. v. Interior Constr. & Improvement Co.*, 215 U.S. 246, 248–51 (1909) (holding that removal was barred where state trial court dismissed, and state appellate court affirmed dismissal of, a non-diverse defendant against plaintiff's contention).

Until 1949, no statute addressed removability arising after irremovability. So, courts relied solely on the *Powers-Whitcomb* line. In 1949, Congress amended § 1446 to permit removal within thirty (30) days after receipt "of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable." U.S.C. § 1446(b)(3), (c)(1). There was no proviso respecting a plaintiff's voluntary act. And the Supreme Court has stood silent on the matter.

In 1967, the Court of Appeals for the Fifth Circuit deemed the rule yet operative. *See Weems v. Louis Dreyfus Corp.*, 380 F.2d 545, 547-48 (5th Cir. 1967). Nearly all the Courts of Appeal have since followed suit, albeit some in dictum. *See, e.g.*, *Self v. Gen. Motors Corp.,* 588 F.2d 655, 657–60 (9th Cir. 1978) (assuming that voluntary-involuntary rule applies without discussion of § 1446(b)); *De Bry v. Transamerica Corp.,* 601 F.2d 480, 486–88 (10th Cir. 1979) (applying voluntary-involuntary rule to hold case was removable based upon voluntary amendment of plaintiffs' jurisdictional allegations); *Quinn v. Aetna Life Casualty Co.,* 616 F.2d 38, 40 n. 2 (2d Cir. 1980) ("[E]ven under the 1949 amendment to 28 U.S.C. § 1446(b), the involuntary dismissal of non-diverse parties does not make an action removable.") (dictum); *In re*

*Iowa Mfg. Co.*, 747 F.2d 462, 464 (8th Cir. 1984) (per curiam) ("We join the three circuits that have previously determined that the 'voluntary-involuntary' rule survived the 1949 amendment of the Judicial Code); *Insinga*, 845 F.2d 249. 253 (11th Cir. 1988) (applying voluntary-involuntary rule); *Higgins v. E.I. DuPont de Nemours & Co.*, 863 F.2d 1162, 1166 (4th Cir. 1988) (recognizing that, "[a]lthough disagreement exists whether the involuntary/voluntary distinction survived the 1949 amendment to § 1446, the trend appears to retain the distinction") (dictum); *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 72 (7th Cir. 1992) ("[W]hen Congress referred to 'a case which is or has become removable,' in section 1446(b), Congress apparently intended to incorporate the existing definition of 'removable,' a definition that included the voluntary[-]involuntary rule."); *Davis v. McCourt*, 226 F.3d 506, 510 n. 3 (6th Cir. 2000) ("The voluntary-involuntary rule conditions removability on voluntary actions of a plaintiff, rather than factors beyond a plaintiff's control.") (internal quotation marks omitted)) (dictum).

Generally, courts honoring the rule cite the 1949 amendment's legislative history in support. *See, e.g.*, *Weems*, 380 F.2d at 548; *Poulos*, 959 F.2d at 72. Specifically, the House Report explanatory note for § 1446(b) reads:

> The second paragraph of the amendment to subsection (b) is intended to make clear that the right of removal may be exercised at a later stage of the case if the initial pleading does not state a removable case but its removability is subsequently disclosed. This is declaratory of the existing rule laid down by the decisions. (See for example, *Powers v. Chesapeake etc., Ry. Co.,* 169 U.S. 92.)

H.R. Rep. No. 81-352, at 14 (1949).

As noted, our Court of Appeals addressed the matter in *Higgins v. E.I. DuPont de Nemours & Co.*, 863 F.2d 1162 (4th Cir. 1988). In *Higgins*, the lone, non-diverse defendant was dismissed in state court, and the remaining defendants removed under 28 U.S.C. § 1446(b). Plaintiffs first raised a removal objection following their loss on the merits. *Id.* at 1166. The Court

4

of Appeals stated as follows:

> [A] case may . . . not be removable depending on whether the non-diverse party is eliminated from the state action by voluntary or involuntary dismissal. If the plaintiff voluntarily dismissed the state action against the non-diverse defendant, creating complete diversity, the state action may be removed because there is no risk that diversity will be destroyed later on. The voluntary act has demonstrated the plaintiff's desire not to pursue the case against the non-diverse party. However, this is not the situation if the non-diverse party has been involuntarily dismissed by order of the state judge. The plaintiff may choose to appeal the dismissal. Although complete diversity may temporarily exist between the parties, suggesting that removal is proper, diversity jurisdiction may ultimately be destroyed if the state appellate court reverses the dismissal of the non-diverse party. Therefore, some cases are not removable despite complete diversity between the parties. Although disagreement exists whether the involuntary/voluntary distinction survived the 1949 amendment to § 1446, the trend appears to retain the distinction. Therefore, plaintiffs' state action may have been improperly removed.

*Id.* (internal citations omitted).[1] The fact complete diversity was present through judgment doomed plaintiffs' contention. *Id.*; *see also Caterpillar Inc. v. Lewis*, 519 U.S. 61, 64 (1996) ("We hold that a district court's error in failing to remand a case improperly removed is not fatal to the ensuing adjudication if federal jurisdictional requirements are met at the time judgment is entered.").

### III.

*A. Removal*

When Ms. Felton failed to perfect service upon Mr. Pettrey, he was involuntarily

---

[1] The decision in *Higgins* is binding. But the concerns there and elsewhere expressed supporting the rule do not seem particularly worrisome in practice. The Supreme Court has explained removal is an act of great consequence: "The state court 'los[es] all jurisdiction over the case, and, being without jurisdiction, its subsequent proceedings and judgment [are] not ... simply erroneous, but absolutely void.'" *Roman Cath. Archdiocese of San Juan, Puerto Rico v. Acevedo Feliciano*, 589 U.S. 57, 63-64 (2020) (quoting *Kern v. Huidekoper*, 103 U.S. 485, 493 (1881)); *see Yarnevic v. Brink's, Inc.*, 102 F.3d 753, 754 (4th Cir. 1996) ("A proper filing of a notice of removal immediately strips the state court of its jurisdiction."). Given the removal injunction on further state court proceedings following removal, there does not appear to be a means by which "diversity jurisdiction may ultimately be destroyed if the state appellate court reverses the dismissal of the non-diverse party." *Higgins*, 863 F.2d at 1166.

dismissed without prejudice. [Doc. 1-1 at 43]. Ms. Felton now seeks remand, asserting Mr. Pettrey's involuntary dismissal bars removal under the voluntary-involuntary rule. CSXT contends the aforementioned language in *Higgins* is dicta. The Court is not prepared to say as much. Assuming it was, the overwhelming weight of authority tips the scales decidedly against CSXT's contention.

CSXT further contends the rule is inapplicable since Mr. Pettrey's dismissal was not a merits disposition [Doc. 11 at 8–9]. That contention has some anachronistic support. *See, e.g.*, *Whitcomb*, 175 U.S. at 638 ("This was a ruling on the merits, and not a ruling on the question of jurisdiction. . . . [I]t did not operate to make the cause then removable."). But it is in tension with the judicial economy notions supporting the rule. *Higgins*, 863 F.2d at 1166.

So, while "service of process is a precondition to a court's exercise of personal jurisdiction over a defendant," *Sky Cable, LLC v. DIRECTV, Inc.*, 886 F.3d 375, 391 (4th Cir. 2018), dismissal for lack of proof of service is not final. If Ms. Felton -- somehow -- subsequently perfects service, the state court could -- at least according to *Higgins* and other courts -- theoretically revive the action against Mr. Pettrey. And that revival would ostensibly eliminate diversity jurisdiction.[2]

Accordingly, the involuntary dismissal of Mr. Pettrey suggests removal is improper.

---

[2] As noted, the Court is bound by *Higgins*. The removal injunction, however, would bar enforcement of the process earlier issued by the state court and -- most certainly -- any subsequent attempt to secure new process from that same tribunal. Furthermore, the attempt to have process issued from this Court with the same purpose of serving Mr. Pettrey and destroying diversity jurisdiction post-removal would likewise face an insurmountable hurdle inasmuch as Ms. Felton failed repeatedly to serve him prior to removal. *Mayes v. Rapoport*, 198 F.3d 457, 463 (4th Cir. 1999) ("The district court, with input from the parties, should balance the equities in deciding whether the plaintiff should be permitted to join a nondiverse defendant.") (citing 28 U.S.C. § 1447(e)).

*B. Fees*

Ms. Felton also seeks fees related to CSXT's removal pursuant to 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). The decided uncertainty in the law demonstrates CSXT had an objectively reasonable basis for removal. A fee and cost award is unjustified.

**IV.**

Accordingly, the Court **GRANTS** Plaintiff's Motion to Remand [**Doc. 6**] this action to the Circuit Court of Greenbrier County.

The Court **DIRECTS** the Clerk to send a copy of this written opinion and order to counsel of record, to any unrepresented party, and to the Clerk of the Circuit Court of Raleigh County.

ENTER:     June 12, 2024

Frank W. Volk
United States District Judge